BEFORE THE SECOND DIVISION, OCTOBER 15, 1962

**No. 67118.**—H. E. Werner *v.* United States, protest 61/16943 (New York).

RAO, Judge: Certain imported merchandise, invoiced as "Floor Polishing Machine Manual," was classified by the collector of customs at the port of New York as household utensils in chief value of other base metal and assessed with duty at the rate of 18 per centum ad valorem, pursuant to the provisions of paragraph 339 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108.

It is the contention of plaintiff that said merchandise is dutiable at 12 per centum ad valorem within the provision for machines, not specially provided for, in paragraph 372 of said act, as so modified.

When this case was called for trial, plaintiff appeared in person, on his own behalf. He produced a sample of his merchandise, which was received in evidence as plaintiff's exhibit 1. It consists of two circular brushes, 4¼ inches in outer diameter, 2 inches in inner diameter, mounted on wheels, which are bolted through their respective centers to a metal piece equipped with a screw, presumably for the attachment of a handle. On the surface of the metal piece, which is painted green, the unit is described as " 'Polywhirl' Rotary Floor Polisher."

The witness described the article as "a machine to polish floors," consisting of die casting, ballbearings, rubber, wood, Bristol brushes, and a wooden handle, which operates as follows:

It operates manually, by pushing the machine backwards and forwards by hand on the floor. The brushes are offset at the angle so that only one side catches the floor, and the brushes revolve by friction, by running against the floor; as the brushes spin they polish a waxed floor.

He stated that the device has both industrial and domestic uses, but was frank to admit that he did not know which use predominates, as he sold only to distributors in the East and the Midwest.

It further appears from the record that, prior to importing this merchandise, plaintiff consulted the examiner as to the proper classification thereof and was advised that the 12 per centum rate in paragraph 372 would be applicable. Had

he known of the higher rate eventually to be assessed, he would not have made these importations.

Unfortunately for plaintiff, however, this latter fact cannot affect the result in this case. While customs examiners can, and sometimes do, give advice as to the probable classification of prospective importations, their advice is not binding. Indeed, they are not the classifying officers. This is a function reserved by statute to the collector (§ 500(a)(4), Tariff Act of 1930). Except as provided in section 315 of said act, as amended, and in section 16.10a of the Customs Regulations, 1954, pertaining to established and uniform practice, and the tariff classification of prospective imports, which provisions have not been here invoked, "no importer has a vested right in the maintenance of a given classification for his merchandise." *Martin Brokerage Company* v. *United States*, 36 Cust. Ct. 35, C.D. 1750.

Accordingly, it remains to be determined whether plaintiff has sustained his substantive claim that the subject floor polishers are machines within the purview of paragraph 372, as modified, *supra*.

At the outset of this inquiry, certain fundamental precepts of customs jurisprudence bear repeating. Under settled law, the collector's classification of imported merchandise is clothed with a presumption of correctness which, in turn, rests upon the presumption that he has found every fact to exist that was necessary to sustain his action. *United States* v. *M. & D. Miller, Inc.*, 41 C.C.P.A. (Customs) 226, C.A.D. 556; *E. I. du Pont de Nemours & Co.* v. *United States*, 27 C.C.P.A. (Customs) 146, C.A.D. 75. These presumptions cast upon an importer who challenges the collector's classification the dual burden of proving the error of the collector's decision and the correctness of his own claim. *United States* v. *Gardel Industries*, 33 C.C.P.A. (Customs) 118, C.A.D. 325. If he fails in either respect, he is not entitled to prevail.

Considering, first, the second portion of plaintiff's burden, we are constrained to hold that it has not been sustained, since we are of opinion that the evidence utterly fails to establish that the imported items fall within the scope of the tariff provision for machines.

Exactly what are the confines of that provision is a question which has long occupied the attention of this and our appellate court. Over the course of years, in many cases concerned with the problem, there was a tendency to rely heavily upon the definition derived by implication from the case of *Simon, Buhler & Baumann (Inc.)* v. *United States*, 8 Ct. Cust. Appls. 273, T.D. 37537, that a machine is "a mechanical contrivance for utilizing, applying, or modifying energy or force or for the transmission of motion." In the recent case of *United States* v. *Idl Mfg. & Sales Corp.*, 48 C.C.P.A. (Customs) 17, C.A.D. 756, this definition appears to have lost stature, the court being of opinion that "there is no 'judicial determination' of what a machine is. It remains simply a question of common meaning and each case must be decided on the basis of its own facts, technical and legislative."

In a subsequent decision in *Nord Light, Inc.* v. *United States*, 49 C.C.P.A. (Customs) 12, C.A.D. 786, an acceptable common meaning for the term "machine" was found to be that of a—

* * * device which may be either simple or complex, whose function is to increase the intensity of an applied force, or to change its direction, or to change one form of motion or energy into another form. Cf. The Columbia Encyclopedia, 2d Ed.

From the sample of the instant floor polishers in evidence here and plaintiff's description of the way in which it functions, it is clear that the article does not perform in the respects indicated by either of said definitions. The force ap-

plied to it in its operation is not increased in intensity nor changed in direction. The wheels rotate by reason of the angle of the brushes, but the motion, force, or energy applied to the instrument in moving it along a floor is not altered in form.

In essential operating features, we find a distinct similarity between the articles at bar and the tricycles involved in the case of *United States* v. *Associated Mfg. Co.*, 30 C.C.P.A. (Customs) 236, C.A.D. 238. Although the court, in holding that tricycles are not machines for tariff purposes, spoke in the light of the *Simon, Buhler* definition, *supra*, the considerations which prompted its conclusion are equally applicable here. It was there stated:

Of course the tricycles herein are mechanical contrivances. We do not think, however, it can be said that such mechanical contrivances utilize energy or force. They are merely moved, carrying their riders by means of the force exercised on the pedals which turn the front wheel one revolution to every revolution made by the pedals. Energy or force is applied to the tricycle, but is not utilized by it. A tricycle, in our opinion, is no more a machine than the hoisting apparatus of the old oaken bucket wherein the rope to which the bucket was appended was wound around a drum axle by the rotation of the angle-iron handle.

It is clear that a tricycle does not apply force or energy; the force or energy used in its propulsion is applied to it. Neither does it modify force or energy for the reason that the foot power necessary to turn the front wheel is not changed or modified in any respect by the apparatus. A tricycle such as here involved is not a mechanical contrivance for the transmission of motion.

If the involved tricycles are to be considered in a tariff sense as machines, so is a slingshot, or a peashooter, or an apple on a casting stick, or a bow and arrow, or roller skates, or a pogo stick, or a wheelbarrow. These are all mechanical contrivances for the transmission of force into motion, yet it would be absurd to conclude that simply because they do transmit force into motion they are to be considered as intended by Congress to come within the catch-all portion of the machine paragraph if they were not otherwise specially provided for.

Since the instant devices do not possess to any material extent any of the common attributes of a machine, they are not machines for tariff purposes. Having failed to establish the validity of the classification for which he contends, plaintiff has failed to sustain his burden of proof. All claims in the instant protest are, therefore, overruled.

Judgment will be entered accordingly.